UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ALISON AGUIAR, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 21-cv-2580 ) |
| | ) Judge Marvin E. Aspen |
| HILTON WORLDWIDE CORP. et al. | ) ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, District Judge:

Plaintiff Alison Aguiar brought this lawsuit against Defendants Hilton Worldwide Corp., Hilton Group, LLC, Hilton Illinois, LLC, Hilton Management, LLC, and Park Hotels & Resorts, Inc. to recover for personal injuries that she suffered at a hotel located at 720 South Michigan Avenue in Chicago, Illinois. (*See generally* Complaint at Law ("Compl.") (Dkt. No. 1-1).)[1] Hilton Management, LLC ("Hilton") now moves to stay the application of 735 Ill. Comp. Stat. 5/2-1303(c) (the "Provision") in this lawsuit on the basis that the Provision is unconstitutional. (Defendant Hilton Management, LLC's Motion to Stay Application of 735 ILCS 5/2-1303(c) ("Motion to Stay") (Dkt. No. 20.).) For the following reasons, we deny Hilton's Motion.

**ANALYSIS**

In 2021, the Illinois General Assembly amended 735 Ill Comp. Stat. 5/2-1303 to include the Provision, which requires an award of prejudgment interest on damages recovered by a plaintiff in a personal injury or wrongful death lawsuit in certain circumstances. *See* 735 Ill. Comp. Stat. 5/2-1303(c). The Provision states, in relevant part, as follows:

---

[1] For ECF filings, we cite to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

> In all actions brought to recover damages for personal injury or wrongful death resulting from or occasioned by the conduct of any other person or entity, whether by negligence, willful and wanton misconduct, intentional conduct, or strict liability of the other person or entity, the plaintiff shall recover prejudgment interest on all damages, except punitive damages, sanctions, statutory attorney's fees, and statutory costs, set forth in the judgment. Prejudgment interest shall begin to accrue on the date the action is filed. If the plaintiff voluntarily dismisses the action and refiles, the accrual of prejudgment interest shall be tolled from the date the action is voluntarily dismissed to the date the action is refiled. In entering judgment for the plaintiff in the action, the court shall add to the amount of the judgment interest calculated at the rate of 6% per annum on the amount of the judgment, minus punitive damages, sanctions, statutory attorney's fees, and statutory costs. If the judgment is greater than the amount of the highest written settlement offer made by the defendant within 12 months after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff within 90 days after the date of the offer or rejected by the plaintiff, interest added to the amount of judgment shall be an amount equal to interest calculated at the rate of 6% per annum on the difference between the amount of the judgment, minus punitive damages, sanctions, statutory attorney's fees, and statutory costs, and the amount of the highest written settlement offer. If the judgment is equal to or less than the amount of the highest written settlement offer made by the defendant within 12 months after the later of the effective date of this amendatory Act of the 102nd General Assembly or the filing of the action and not accepted by the plaintiff within 90 days after the date of the offer or rejected by the plaintiff, no prejudgment interest shall be added to the amount of the judgment. For the purposes of this subsection, withdrawal of a settlement offer by defendant shall not be considered a rejection of the offer by the plaintiff. Notwithstanding any other provision of this subsection, prejudgment interest shall accrue for no longer than 5 years.
>
>         \*      \*      \*
>
> For any personal injury or wrongful death occurring before the effective date of this amendatory Act of the 102nd General Assembly, the prejudgment interest shall begin to accrue on the later of the date the action is filed or the effective date of this amendatory Act of the 102nd General assembly.

735 Ill. Comp. Stat. 5/2-1303(c). The Provision's effective date was July 1, 2021.

Hilton argues that we should stay the application of the Provision in this case because on May 27, 2022, Cook County Circuit Court Judge Marcia Maras held that the Provision is unconstitutional and invalid. (Motion to Stay ¶ 1; Ex. A.) Hilton contends that prior to Judge Maras's May 27 order, all motions concerning the Provision's constitutionality filed in the Circuit Court of Cook County were consolidated before Judge Maras. (*See* Motion to Stay ¶ 2, Ex. B.) As a result of Judge Maras's order and the consolidation of cases before her, Hilton continues, the Provision is no longer in effect in Cook County, and "consequently, unless and until the ruling is reversed by a higher court, defendant has no obligations under the statute." (*Id.* ¶ 4.)

Hilton also challenges the Provision's constitutionality "under the United States Constitution and the Illinois Constitution, as set forth in Judge Maras'[s] May 27 order and because" the Provision:

a. constitutes "special legislation" in violation of the Illinois Constitution, Art. IV, Sec. 13,

b. violates the constitutional guarantee of equal protection under the law contained in the Fourteenth Amendment to the United States Constitution and Art. I Sec. 2 of the Illinois Constitution,

c. violates the constitutional guarantee of due process of law contained in the Fifth and Fourteenth Amendments to the United States Constitution and Art. I, Sec. 2 of the Illinois Constitution,

d. violates defendant's [sic] inviolate right of trial by jury as heretofore enjoyed guaranteed by Art. I, Sec. 13 of the Illinois Constitution, and

e. infringes on the inherent power of the judiciary in violation of the separation of powers clause in Art. II, Sec. 1 of the Illinois Constitution.

(*Id.* ¶ 3.)

Aguiar opposes the Motion to Stay for several reasons. (*See* Plaintiff's Response to Defendant Hilton Management, LLC's Motion to Stay Application of 735 ILCS 5/2-1303(c)

3

("Opp'n") (Dkt. No. 22).) First, Aguiar argues that the Motion to Stay should be stricken because Hilton failed to notify the Illinois Attorney General that it is challenging the Provision's constitutionality. (*Id*. at 1.) Second, Aguiar points out that the Motion to Stay cites no binding authority in support of Hilton's position. (*Id*. at 1–2.) Third, Aguiar contends that only one case concerning the Provision's constitutionality is before Judge Maras (the same one in which she issued the order at issue here), and there is no basis to believe that the Provision is no longer in effect in Cook County. (*Id*. at 2–3.) According to Aguiar, several other Illinois circuit court judges have concluded that the Provision *is* constitutional. (*Id*. at 3.) Fourth, Aguiar insists that we should not consider the constitutional question because it is premature; "[t]he right to pre-judgment interest arises only after a plaintiff's verdict [] exceeds the highest written offer." (*Id*. at 3–4.) Fifth, if we do reach the constitutional question, Aguiar urges us to deem the Provision to be constitutional for several reasons. (*See id*. at 4–14.) Hilton did not timely reply to any of Aguiar's arguments.

  We deny Hilton's requested stay for several reasons. First, Hilton has not shown the Provision is no longer in effect in Cook County, as neither Judge Maras's order nor the order consolidating motions before her makes such a representation. (*See* Motion to Stay at Exs. A, B.) Second, we are not bound by Judge Maras's order because Illinois circuit court orders are neither binding nor precedential. *See Delgado v. Bd. of Election Comm'rs of City of Chi.*, 224 Ill. 2d 481, 488, 865 N.E. 2d 183, 188 (2007) ("Under Illinois law, the decisions of circuit courts have no precedential value."); *see also People v. Canulli*, 341 Ill. App. 3d 361, 370, 792 N.E.2d 438, 444 (2003) ("Courts are not bound to follow decisions of equal or inferior courts.")

  Third, Hilton's barebones argument is plainly insufficient for us to reach the constitutional question. Hilton's argument consists of a single paragraph in which it states that it

is challenging the Provision's constitutionality on various grounds. (*See* Motion to Stay ¶ 3.) Hilton cites no authority in support of its position, apart from Judge Maras's Order. (*Id.*) But Judge Maras's order does not opine on many of the grounds upon which Hilton believes the Provision to be unconstitutional. (*See id.* at Ex. A (analyzing whether the Provision violates the Illinois Constitution but not the United States Constitution).) Nor does Hilton make any attempt to apply the principles set forth in Judge Maras's order to this case. (*See generally* Motion to Stay.) Mindful of our obligation to "avoid making constitutional decisions," we decline to reach the constitutional question based on the undeveloped argument presented here. *See ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001) ("[F]ederal courts are supposed to do what they can to avoid making constitutional decisions, and strive doubly to avoid making unnecessary constitutional decisions."); *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) ("'[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).'") (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

## CONCLUSION

For the reasons set forth above, we deny Hilton's Motion to Stay. (Dkt. No. 20.) It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: August 5, 2022

5